# IN THE COURT OF APPEALS OF IOWA

No. 14-0936
Filed May 6, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARRYL LAROY MOSLEY,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.


        Defendant appeals the sentence imposed on his conviction for possession of contraband on the grounds of a correctional facility. **AFFIRMED.**


        Shawn Smith, Ames, for appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Stephen Holmes, County Attorney, and Keisha F. Cretsinger and Jonatha Holscher, Assistant County Attorneys, for appellee.


        Considered by Vogel, P.J., Potterfield, J., and Sackett, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SACKETT, S.J.**

Defendant Darryl Mosley appeals the sentence imposed on his conviction for possession of contraband on the grounds of a correctional facility. We determine the court did not abuse its discretion by sentencing Mosley to five years in prison, rather than placing him on probation. We affirm his conviction and sentence for possession of contraband on the grounds of a correctional facility.

I.      **Background Facts and Proceedings**

On December 11, 2013, Darryl Mosley was arrested on burglary charges and transported to the Story County Jail. When he was searched by jail staff a plastic baggie containing marijuana was found in his pocket. Mosley was charged with possession of contraband on the grounds of a correctional facility, in violation of Iowa Code section 719.7(3)(a) (2013), a class "D" felony.

Mosley entered a guilty plea to the charge of possession of contraband on the grounds of a correctional facility. Between the date of the plea hearing, on April 2, 2014, and the date of the sentencing hearing, May 13, 2014, Mosley was arrested on charges of unlawful possession of a prescription drug, driving while suspended, and failure to maintain control. His pretrial release was terminated.

A presentence investigation (PSI) report was prepared that detailed Mosley's extensive criminal history. Mosley, who was then fifty-two years old, had criminal convictions dating back to 1980 and continuing forward. He had previous convictions for armed robbery (1980), second-degree burglary (1980, 2005), robbery (1981), introduction of contraband into a county jail (1982),

possession of cocaine (2005), possession of drug paraphernalia (2009), operating while intoxicated (2009, 2010), and domestic abuse assault (2012). The PSI stated Mosley was at a high risk to reoffend, and he "has demonstrated a pattern of criminality and has had little success on community supervision." The PSI recommend a sentence of five years in prison.

At the sentencing hearing the State recommended Mosley be given a suspended five-year sentence and be placed on probation for two years. Defense counsel also asked that Mosley be placed on probation, pointing out he was employed, had family support in the area, and had a stable residence. The court made the following statement:

> Well, Mr. Mosley, the purpose of sentencing you here today is to do two things. It is meant to rehabilitate you and to protect our community from further offenses from you. I think, Mr. Mosley, what this sentence needs to make you understand is that you cannot continue to make decisions like you have in the past because if you do, you will end up spending the rest of your life in jail or prison.
>
> You have a very long prior criminal history. There are some pretty serious charges, there are some less serious charges, and really you have committed crimes pretty steadily almost throughout your adult life, including crimes that you committed pretty recently here in Story County. Granted, the last couple were simple misdemeanors, but they were assault offenses. Then in Polk County in 2010 you've got an OWI, then before that it's just another whole series of crimes that you have committed. Now you're here in court on a felony offense for bringing controlled substances into the jail.
>
> Mr. Mosley, the presentence investigation recommendation obviously is prison. They find that you are at a high risk to re-offended and I have to agree with that, Mr. Mosley. There's nothing in this record that indicates to me that you are going to be rehabilitated on probation. I just don't see that happening. Given your lack of success in the past after having been on probation, after having been in jail and prison, you're still committing criminal offenses, you're still placing people at risk, and I think if I give you

probation it will be a short time before you're back in court because you violated probation by committing new criminal offenses.

The court sentenced Mosley to a term of imprisonment not to exceed five years. Mosley filed a motion to reconsider his sentence, which was denied by the court. He now appeals his sentence on the charge of possession of contraband on the grounds of a correctional facility.

## II.    Standard of Review

Where a defendant's sentence is within the statutory limits, it will not be vacated on appeal unless there has been an abuse of discretion or a defect in the sentencing procedures. *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). There is an abuse of discretion when the grounds for the court's decision are clearly untenable or unreasonable. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

## III.    Merits

Mosley claims the court abused its discretion by sentencing him to five years in prison. He contends the court considered only his criminal history and did not consider other mitigating factors, such as his employment, family support, substance abuse and mental health treatment, and the recommendations of the prosecutor and defense attorney. He states several of his criminal convictions occurred twenty years ago and asserts he was attempting to turn his life around by getting away from criminal activities.

In sentencing a defendant, a court should enter a sentence which will "provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others."

Iowa Code § 901.5. In determining whether probation or a prison sentence is appropriate, the court should consider the defendant's age, prior criminal history, employment, family circumstances, mental health and substance abuse history; the nature of the offense; and other appropriate factors. *Id.* § 907.5(1); *State v. Pappas*, 337 N.W.2d 490, 493 (Iowa 1983). "In the end, a court makes each sentencing decision on an individual basis and seeks to fit the particular person affected." *State v. Hopkins*, 816 N.W.2d 550, 555 (Iowa 2015).

We determine the court did not abuse its discretion by sentencing Mosley to five years in prison, rather than placing him on probation. The sentence was in accordance with the recommendation of the PSI. The court noted Mosley's chances for rehabilitation and the need for protection of the community. The court also considered Mosley's criminal history, noting that while some of his convictions were in the past, some were recent. The court also noted that while some of Mosley's convictions were less serious, some were "pretty serious charges." The court further considered that Mosley had not been successful when placed on probation in the past.

We affirm Mosley's conviction and sentence for possession of contraband on the grounds of a correctional facility.

**AFFIRMED.**